IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EDWARD SCOTT CUNNINGHAM,      )
                                              )
           Petitioner,          )
                                                )
      v.                       )     Civil Action No. 2:10cv639-TMH
                                               )           (WO)
UNITED STATES OF AMERICA,        )
                                              )
           Respondent.     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Edward Scott Cunningham's ("Cunningham") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.   BACKGROUND

In November 2007, Cunningham pled guilty in the United States District Court for the Western District of Michigan to conspiracy to defraud the United States and to harbor illegal aliens, in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(1)(A)(iii).  On March 3, 2008, he was sentenced to fifty-one months in prison to be followed by three years on supervised release.

In September 2008, after he began serving his sentence, Cunningham was interviewed by staff with the Federal Bureau of Prisons ("BOP") at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), to determine his eligibility for participation in the BOP's 500-hour Residential Drug Abuse Program ("RDAP").  Doc. No. 15-5 at 2-3;

Doc. No. 15-6 at 2.[1]  Although Cunningham was found to be eligible to participate in the RDAP at FPC Montgomery, the BOP informed him that, under its controlling regulations, he was ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B), which provides for up to a one-year reduction in the sentence of an offender who successfully completes the RDAP, because of his 1982 conviction for robbery and resulting sentence under Florida's Youthful Offender Act.[2]  *Id.*  Cunningham filed formal and informal grievances at the institutional level, asking the BOP to reconsider him for sentence-reduction eligibility without consideration of his prior robbery conviction.  *See* Petitioner's Exh. 8.  He then unsuccessfully appealed the denial of those grievances to the BOP's Regional Director and

---

[1] References to document numbers are to those assigned by the Clerk in the instant civil action.  Page references in the pleadings are to those assigned by CM/ECF

[2] When reviewing an inmate's prior conviction, BOP legal staff compare the elements of the crime of which an inmate was previously convicted to the elements of the relevant offense listed in the FBI's Uniform Crime Reporting Program (UCR).  *See* Doc. No. 15-6 at 3.  Cunningham was convicted of robbery in Florida in 1982 and was sentenced to three years in prison under that state's Youthful Offender Act.  "Robbery" is defined by Florida state law as "the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear."  *See* FL ST § 812.13; *see also* Doc. No. 15-6 at 3.  Likewise, the UCR defines "robbery" as "the taking or attempting to take anything of value from the care, custody, or control of a person or persons by force or threat of force or violence and/or by putting the victim in fear."  UCR, *Crime in the United States*, 2007, definition of "robbery"; *see also* Doc. No. 15-6 at 3.  Because the Florida robbery statute sufficiently matches the definition of "robbery" as provided by the UCR, the BOP found that Cunningham's prior conviction of robbery pursuant to FL ST § 812.13 precluded him from receiving a § 3621(e)(2)(B) sentence reduction.  Doc. No. 15-6 at 3.  As part of its review, the BOP also researched Florida's Youthful Offender Act and considered whether is should make a difference that Cunningham was sentenced under the act.  *Id.*  The BOP determined that Cunningham's robbery conviction and resulting sentence under Florida's Youthful Offender Act was an adult conviction, precluding him from a § 3621(e)(2)(B) sentence reduction.  *Id.*

the Central Office.[3]  *See* Petitioner's Exhs. 9-12.

Relying on two decisions entered by the Ninth Circuit Court of Appeals, Cunningham contends that the BOP regulation that categorically excludes offenders with a prior robbery conviction from being eligible for a § 3621(e)(2)(B) sentence reduction was promulgated in violation of the Administrative Procedures Act ("APA") and is an arbitrary and capricious exercise of the BOP's statutory authority.  In addition, Cunningham contends that because his prior robbery conviction was pursuant to Florida's Youthful Offender Act, it did not constitute an "adult conviction" that rendered him ineligible for a sentence reduction.  After reviewing Cunningham's petition, the supporting and opposing submissions, and the pertinent case law, this court concludes that Cunningham's petition is due to be denied.

## II.   DISCUSSION

### A.   Validity of Agency Exercise of Statutory Authority

As part of the 1994 Violent Crime Control and Law Enforcement Act, the BOP is charged with "mak[ing] available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  *See* 18 U.S.C. § 3621(b).  As an incentive for enrollment and successful participation in a substance abuse program, § 3621(e)(2)(B) permits the BOP to reduce the sentence of an inmate by up

---

[3] Respondents concede that Cunningham exhausted his administrative remedies concerning the issues raised in his habeas petition.  The record also reflects that Cunningham participated in, and completed, the RDAP at FPC Montgomery.  When he filed the instant petition, his projected release date, assuming he received all good conduct time available, was January 8, 2012.  Doc. No. 15-1 at 2.

to twelve months if the inmate was convicted of a nonviolent offense and completes the treatment program (the "RDAP") during his current confinement.  *See* 18 U.S.C. § 3621(e)(2)(B).  Section 3621(e)(2)(B) gives the BOP broad discretion to grant or deny a sentence reduction.  *Lopez v. Davis*, 531 U.S. 230, 233-36 (2001).  The BOP "may exclude inmates either categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably in a manner that is not arbitrary or capricious.  *Id*. at 240.

To implement § 3621(e)(2)(B), the BOP promulgated regulations and issued policy statements governing substance abuse treatment programs and inmate eligibility for sentence reductions.  Pursuant to one of those regulations, 28 C.F.R. § 550.58, federal inmates with certain prior convictions, including prior convictions for robbery, are not eligible for a § 3621(e)(2)(B) sentence reduction.[4]  *See* C.F.R. § 550.58(a)(1)(iv).  Cunningham contends that § 550.58 – the regulation the BOP applied to deny him eligibility for a sentence reduction – was promulgated in violation of the APA and represents an arbitrary and capricious exercise of the BOP's statutory authority.  Doc. No. 1 at 8-17.  In so arguing, he relies on *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), and *Crickon v. Thomas*, 579 F.3d 978 (9th Cir. 2009).  In *Arrington*, the Ninth Circuit Court of Appeals held that the BOP's alleged failure to articulate a rationale in the administrative record for promulgating § 550.58 rendered the regulation "arbitrary and capricious," in violation 5 U.S.C. § 706(2)(A) of the APA.  *Arrington*, 516 F.3d at 1116.  In *Crickon*, the Ninth Circuit Court extended

---

[4] This regulation is implemented in BOP Program Statements 5330.10 & 5331.10.

4

*Arrington* to the BOP's categorical exclusion of inmates with specific prior convictions. *Crickon*, 579 F.3d at 987.

Section 706(2)(A) of the APA provides, in pertinent part, that a reviewing court "shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" *See* 5 U.S.C. § 706(2)(A).  The Ninth Circuit in *Arrington* held that § 550.58 was an arbitrary and capricious exercise of the BOP's authority because it was enacted without providing any reason for excluding inmates with convictions involving firearms from § 3621(e)(2)(B) sentence-reduction eligibility.  *Arrington*, 516 F.3d at 1112-14.  In *Crickon*, the Ninth Circuit held that § 550.58 was "invalid because the BOP failed to provide any rationale for the categorical exclusion generally, and because the rationale provided for considering any prior conviction, regardless of its age, is premised upon a mistake of law, i.e., that [section] 3621(e)(2)(B) limits the early release incentive to inmates who have no prior convictions for violent offenses."[5] *Crickon*, 579 F.3d at 983.

------

[5] In March 2009, after the Ninth Circuit's decision in *Arrington*, the BOP replaced § 550.58 with 28 C.F.R. § 550.55(b)(4).  Like § 550.58, § 550.55(b)(4) categorically excludes those inmates with prior convictions for robbery from eligibility for a § 3621(e)(2)(B) sentence reduction.  The two regulations are nearly identical, but § 550.55(b)(4) contains a "detailed rationale as to why certain inmates ... are ineligible for early release."  *Cockerham v. Johns*, No. 5:09-HC-2125-FL, 2011 WL2669260, at *2 (E.D.N.C. Jul. 7, 2011).  In a public document related to § 550.55(b)(4)'s enactment, the BOP set forth its rationale for denying early release eligibility for certain offenders pursuant to this regulation, stating, in pertinent part, as follows:

> In exercising the Director's statutory discretion [under 18 U.S.C. § 3621(e) ], [the BOP] considered the crimes of homicide, forcible rape, robbery, aggravated assault,
>
> (continued...)

Cunningham's reliance on *Arrington* and *Crickon* is misplaced. First, a circuit court's decision binds only the district courts sitting within its jurisdiction. *See Thomas v. Middlebrooks*, No. 5:06cv249/RS, 2007 WL 2083616, at *3 (N.D.Fla. Jul. 20, 2007). Significantly, moreover, no court outside the Ninth Circuit has followed *Arrington* or *Crickon*, and most courts have rejected *Arrington* and *Crickon* as contrary to *Lopez v. Davis*, 531 U.S. 230, 240-44 (2001), where the Supreme Court upheld the BOP's authority to preclude early release based on § 550.58.[6]  *See Newsome v. Keller*, No. 2:08cv390-MEF,

_____

[5](...continued)
arson, and kidnaping, as identified in the FBI's Uniform Crime Reporting Program (UCR), which is a collective effort of city, county, state, tribal, and federal law enforcement agencies to present a nationwide view on crime.... The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a prior felony or misdemeanor conviction for these offenses because commission of such offenses rationally reflects the view that such inmates displayed readiness to endanger the public.

*Drug Abuse Treatment Program*, 74 Fed.Reg. 1892, 1895 (Jan. 14, 2009). Although § 550.55(b)(4) replaced § 550.58, the parties do not appear to dispute that Cunningham's request for §3621(e)(2)(B) sentence-reduction consideration was reviewed under § 550.58, in September 2008. *See, e.g.*, Doc. No. 15-6 at 2; Doc. No. 1 at 10; *see also, e.g., Mora-Merz v. Thomas*, 601 F.3d 933, 935 n.1 (9th Cir. 2010) (BOP Program Statement in effect at time of Bureau's evaluation of petitioner for RDAP sentence-reduction eligibility is relevant program statement for purposes of review of BOP's decison).

[6] In *Lopez*, the Supreme Court held § 550.58 to be a reasonable exercise of the BOP's discretion under § 3621(e)(2)(B). *See* 531 U.S. at 233. Section 3621(e)(2)(B) gives the BOP discretion to grant or deny a sentence reduction, but leaves open the manner in which the discretion is to be exercised. *Id*. at 233-36. In addressing the issue, the Supreme Court stated: "The BOP need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb." *Id*. at 231. "[T]he statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the BOP in implementing § 3621(e)(2)(B)." *Id*. at 231-32. *Lopez* also makes clear that "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP] thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his prison term." *Id*. at 241.

6

2010 WL 2197677, at *2-3 (M.D.Ala. May 27, 2010); *Ables v. Eichenlaub*, No. 5:08cv204/RH/EMT, 2009 WL 722287, at *7 (N.D.Fla. Mar. 18, 2009) (collecting cases rejecting *Arrington*); *Snipe v. Dept. of Justice*, No. 3:08-CV-22, 2008 WL 5412868 (N.D.W.Va. Dec. 23, 2008) (collecting cases); *see also Jenkins v. Fed. Bureau of Prisons*, No. 0:08–3776–CMC–PJG, 2010 WL 412542, at *1, *4 (D.S.C. Jan. 28, 2010) ("Many courts considering challenges to 28 C.F.R. § 550.58 based on *Arrington* have rejected or declined to follow the Ninth Circuit's reasoning in that case." (collecting cases)); *Cockerham v. Johns*, No. 5:09-HC-2125-FL, 2011 WL2669260, at *2 (E.D.N.C. Jul. 7, 2011); *Gale v. Minor*, No. 5:10-HC-2215-D, 2012 WL 1185020, *4 (E.D.N.C. Apr. 9, 2012) (rejecting *Crickon*); *Thornton v. Ledezma*, No. CIV-11-39-HE, 2011 WL 2551033, *1 (W.D.Okla. May 24, 2011) (same); *cf. Austin v. Fed. Bureau of Prisons*, No. 6:09485MBS, 2010 WL 412815, at *5 (D.S.C. Jan. 27, 2010) (§ 550.55 "is a valid exercise of the BOP's discretion under [section] 3621(e)(2)(B)"), aff'd, 382 Fed.App'x 275 (4th Cir. Jun. 9, 2010).  This court follows suit and declines to follow *Arrington* and *Crickon*, finding the Ninth Circuit's reasoning in those decisions to be unpersuasive.

In its comments in the Federal Register, the BOP explained that its promulgation of § 550.58, as then amended, was intended to address the legal issues raised by the courts of appeals in the litigation that followed the original enactment of that regulation and BOP Program Statement 5162.02, so that the BOP could uniformly apply its policies throughout the country.  *See* 65 Fed.Reg. 80747-48 (Dec. 22, 2000).  "That rationale is not 'arbitrary,

7

capricious, an abuse of discretion, or otherwise not in accordance with law[.]' *See* 5 U.S.C. § 706(2)(A)." *Ables*, *supra*, at *7. Moreover, § 550.58's statutory and regulatory background – which includes a history of interim rules and various amendments in the wake of litigation regarding the validity of the regulation – reflects a clear and consistent policy by the BOP to seek to implement a public safety rationale by excluding firearm offenders from early release eligibility because of the increased risk such offenders might pose to the public.[7] *See Mack v. Eichenlaub*, No. 5:08cv132/SPM/EMT, 2009 WL 1849961, at *2-4 (N.D. Fla. Jun. 26, 2009); *Gatewood v. Outlaw*, 560 F.3d 843, 847 (8th Cir. 2009).

"This case involves agency rulemaking under 5 U.S.C. § 553, which provides only that the agency shall publish notice of the proposed rulemaking, afford interested persons an opportunity to participate, and 'incorporate in the rules adopted a concise general statement of their basis and purpose.' 5 U.S.C. § 553(c)." *Mack*, at *6. Generally speaking, § 553 "established the maximum procedural requirements which Congress was willing to impose upon agencies in conducting rulemaking procedures. *Id.* (citing *Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 524 (1978)).

> Under Section 553, an agency determination need not be made "on the record" unless the statute being applied so requires. *United States v. Allegheny-Ludlum Steel Corp.*, 406 U.S. 742, 756-57, 92 S.Ct. 1941, 32 L.Ed.2d 453 (1972). Thus, the Ninth Circuit panel in *Arrington* erred when it

---

[7] Numerous decisions discuss the statutory and regulatory background, the various interim rules, and the history of amendments leading to the promulgation of § 550.58(a)(1)(B) in 2000. *See, e.g.*, *Mack v. Eichenlaub*, No. 5:08cv132/SPM/EMT, 2009 WL 1849961, at *2-4 (N.D. Fla. Jun. 26, 2009); *Ables*, at *2-4; *Muolo v. Quintana*, 593 F.Supp.2d 776, 778-81 (W.D.Pa. Jan. 8, 2009). The instant Recommendation does not contain a recitation of that background.

8

disregarded the BOP's public safety rationale simply because the court could not find that rationale in an "administrative record," which, as the Eighth Circuit noted in *Gatewood v. Outlaw*, 560 F.3d 843, 847 (8th Cir. 2009), the *Arrington* court never defined but seemed to limit to the BOP's Federal Register notice in 2000 finalizing the previously interim rule.

            ....

... The Supreme Court discerned that public safety was the basis for the BOP's exclusion of firearm offenders and concluded that the BOP's rule was substantively reasonable in *Lopez*, 531 U.S. at 244. Therefore, 28 C.F.R. § 550.58 is valid under Sections 553(c) and 706(2)(A) of the APA. *See Gatewood*, 560 F.3d at 847-48; accord *Harrison v. Lamanna*, 19 Fed. Appx. 342 (6th Cir. 2001) (unpublished).

*Mack,* at *6-7. *See also, e.g., Gatewood*, 560 F.3d at 848 ("[W]e have no difficulty concluding, as the Court obviously did in *Lopez*, that public safety was the contemporaneous rationale for the interim and final rules, and not [as the *Arrington* court concluded] merely a *post hoc* rationalization by appellate counsel.... Given the [BOP's] primary public safety mission, there is simply no reason to suspect that public safety was not the actual basis for its interim and final rules."); *Licon v. Ledezma*, 638 F.3d 1303, 1309-10 (10th Cir. 2011) (BOP has "consistently attempted to implement a policy denying early release eligibility to firearm possession offenders" and BOP's public safety rationale provided a legitimate purpose for both § 550.58 and its successor, § 550.55(b)(4)); *Handley v. Chapman*, 587 F.3d 273 (5th Cir. 2009) ("[The BOP's] prior interim rules, Program Statements, and consistent litigation position .... are not the sort of post hoc rationalizations of  appellate counsel that *Burlington* [*Truck Lines, Inc. v. United States*, 371 U.S. 156 (1962)] forbids us to consider."); *Gardner v. Grandolsky*, 585 F.3d 786, 792 (3rd Cir. 2009) (BOP articulated a sufficient

9

rationale for § 550.58 to satisfy the "arbitrary and capricious" standard set forth in the APA and that "the rationale may 'reasonably be discerned' from the regulatory history and attendant litigation").

For these reasons, this court finds that the BOP's rationale for promulgating § 550.58 withstands the APA's highly deferential standard of review.  *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (explaining narrow scope of judicial review of agency decisions); *Sierra Club v. Johnson*, 541 F.3d 1257, 1264 (11th Cir. 2008) ("[W]e give deference to a final agency decision by reviewing for clear error, and we cannot substitute our own judgment for  that of the agency.").  *See also Ables*, at *7. The court therefore rejects Cunningham's claim that § 550.58 was promulgated in violation of the APA and is an arbitrary and capricious exercise of the BOP's statutory authority

**B.    Was Prior Robbery Conviction under Florida's Youthful Offender Act an "Adult Conviction"?**

Cunningham also maintains that his prior robbery conviction under Florida's Youthful Offender Act did not constitute an "adult conviction" that rendered him ineligible for a sentence reduction under § 3621(e)(2)(B).  Doc. No. 1 at 17.

The record reflects that on May 14, 1982, when he was eighteen years old, Cunningham was convicted of robbery in the Palm Beach, Florida, Circuit Court.[8]  Doc. No.

---

[8] Neither § 3621(e)(2)(B) nor § 550.58 contains a "staleness" component prohibiting the BOP's use of an inmate's prior conviction to deny sentence-reduction eligibility based on the age of the prior conviction.  There is no time limit connected to a prior conviction for robbery under § 550.58.  "Common sense dictates that convictions more than ten years old may be considered to deny
(continued...)

15-6 at 2.  The court sentenced him under Florida's Youthful Offender Act to three years in prison followed by three years on probation. *Id.* With regard to Florida's Youthful Offender Act, the Eleventh Circuit has stated:

> [T]he Florida Youthful Offender Act, Florida Statutes § 958.04, does not negate a juvenile's adult conviction in the criminal division of a Florida Circuit Court.  *See United States v. Wilks*, 464 F.3d 1240, 1242–43 (11th Cir. 2006) (concluding that prior Florida convictions supported U.S.S.G. § 4B1.1 career offender enhancement and application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), despite sentencing as a youthful offender because defendant was sentenced in adult court and was otherwise treated as an adult criminal).  Section 958.04 gives the criminal division of the Florida Circuit Court the discretion to sentence eligible defendants who are under 21 years of age as "youthful offenders]."  Fla. Stat. § 958.04(1).  If the Florida Circuit Court decides to sentence a defendant as a youthful offender, "[i]n lieu of other criminal penalties authorized by law," the court is given an array of

---

[8](...continued)
early release under the RDAP, because the Bureau of Prisons has 'substantial discretion in its decision making,' *Orr v. Hawk*, 156 F.3d 651, 653 (6th Cir. 1998), and 'broad discretion to grant or deny the one-year reduction' in sentence under § 3621, *Jacks v. Crabtree*, 114 F.3d 983, 984 (9th Cir. 1997)." *Lee v. Eichenlaub*, No. 2:06-15545, 2007 WL 1041257, at *2 (E.D. Mich. Apr. 5, 2007); *see also Somerset v. Fondren*, No. 09–788, 2009 WL 3461410, at *3-4 (D.Minn. Oct. 20, 2009) (BOP's decision to take 30-year-old robbery conviction into account when determining inmate's eligibility for § 3621(e)(2)(B) sentence-reduction incentive was proper and in accordance with BOP Program Statements); *Caputo v. Clark*, 132 F.3d 36 (7th Cir. 1997) (twenty-year-old conviction properly considered).

> [T]he BOP specifically considered the issue of prior convictions for violent offenses older than 15 years in the notice-and-comment period for 28 C.F.R. § 550.58.  The BOP concluded that where such prior conviction for a violent offense was included in the PSIR, as was in [the petitioner's] case, it would be in accordance with Congressional intent to use the prior conviction as a disqualifying criterion.  65 Fed.Reg. 80746 (2000).

*Forsberg v. Fort Dix*, No. 09–4244-JBS, 2010 WL 1881083 (D.N.J. May 11, 2010).  Cunningham's 1982 conviction for robbery was included in his PSI. *See* Doc. No. 15-6 at 3.

alternative sentencing options, such as probation, placement in a community control program, incarceration in county facilities, restitution centers or public or private community residential facilities, and to split sentences between options. *Id*. § 958.04(2)(a)-(c); *see also id*. § 958.021 (stating that the purpose of the Florida Youthful Offender Act is "to provide an additional sentencing alternative to be used in the discretion of the court when dealing with offenders who have demonstrated that they can no longer be handled safely as juveniles and who require more substantial limitations upon their liberty to ensure the protection of society" while at the same time encouraging their rehabilitation "by preventing their association with older and more experienced criminals during the terms of their confinement"). *Nothing in Florida's youthful offender statute suggests that a youthful offender's conviction in the criminal division of the Florida Circuit Court is not an adult conviction under Florida law*.

*United States v. Cortes*, 427 Fed.App'x 803, 806 (11th Cir. 2011) (footnotes omitted; emphasis added).

Here, the fact that the Florida circuit court sentenced Cunningham as a youthful offender did not change the fact that, under Florida law, it first convicted him as an adult. *See Cortes*, 427 Fed.App'x at 807. Therefore, Cunningham's prior robbery conviction was properly considered to be an adult conviction for purposes of § 550.58 and his eligibility for a § 3621(e)(2)(B) sentence reduction. In the end, the BOP properly excluded Cunningham from sentence-reduction eligibility.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before **September 1, 2012**.   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Boyington Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 17th day of August, 2012.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE